MOTOR FINANCE CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. TAR ASPHALT TRUCKING COMPANY AND TONY PASSARO, DEFENDANTS-RESPONDENTS.

Submitted May 6, 1941—Decided August 1, 1941.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-appellant, *Albert M. Neiss* (*Joseph Solimine,* of counsel).

For the defendants-respondents, *William A. Davenport* (*Ezra L. Nolan,* of counsel).

The opinion of the court was delivered by

COLIE, J. Appellant, Motor Finance Corporation, was the conditional vendor of an automobile which it had sold to one Lillian Gordon, the conditional vendee. On May 13th, 1938, the car, while driven by Mrs. Gordon, collided with a truck owned by Tar Asphalt Trucking Company, operated by its agent, Tony Passaro, at the intersection of Wayne street and Cornelison avenue in Jersey City. There was evidence introduced from which the court, sitting without a jury, could have found that the drivers of both of the cars involved in the collision were negligent. What the court actually did find is best stated in its own words: "If you want it for the record, I make no finding on the defendant's negligence or non-negligence. I find that the plaintiff was guilty of such negligence which contributed to any accident which occurred." Judgment was thereupon entered in favor of the defendant.

At the time of the happening of this accident on May 13th, 1938, the law had been settled in *Commercial Credit Corp.* v. *Satterthwaite*, 107 *N. J. L.* 17; affirmed in 108 *Id.* 188, on the opinion delivered by Mr. Justice Parker, that the contributory negligence of a conditional vendee could not be imputed to a conditional vendor. Subsequent to the happening of this accident in 1938, the law as established by *Commercial Credit Corp.* v. *Satterthwaite, supra,* was changed by the passage of chapter 53, laws of 1939, now *R. S.* 46:36-1, but that statutory enactment, of course, does not affect the legal situation existing as of a date prior to its enactment. While there clearly was evidence to support the finding of fact by the District Court, nevertheless such a finding with regard to the negligence of Mrs. Gordon, the driver of the car owned by Motor Finance Corporation, was wholly immaterial under the then existing state of the law, and it was error for the District Court to have grounded its judgment on an immaterial finding of fact, and error for the District Court to have failed to pass upon the relevant and material question of fact which was the negligence or freedom from negligence of the corporate defendant and its agent.

The judgment of the District Court is reversed, and the cause remanded for re-trial on the issue of defendant's negligence.